**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SAMUEL JEDEDIAH BURLESON** | § | |
| **V.** | § | **A-14-CA-530-LY** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division,** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum & Exhibits with Brief in Support (Document 3); Petitioner's Motion for Declaratory Relief (Document 4); Respondent's Answer (Document 14); and Petitioner's response thereto (Document 19).  Petitioner, proceeding pro se, has paid the filing fee for his application.  For the reasons set forth below, the undersigned finds that Petitioner's Application for Writ of Habeas Corpus and Motion for Declaratory Relief should be denied.

**STATEMENT OF THE CASE**

A.    **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 277th Judicial District Court of Williamson County, Texas, in

cause number 05-265-K277.  Petitioner is serving a twenty-year sentence for aggravated sexual

assault.  Petitioner does not challenge his holding conviction.  Rather, he challenges two prison

disciplinary cases, numbers 20140140368 and 20140144253.  In both cases, Petitioner was charged

with presenting a completed UCC financing statement against prison officials.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      He was denied the right to submit documentation at his disciplinary hearing;

2.      He did not commit a felony because he did not "file" any documents;

3.      He was disciplined in retaliation to a previous grievance he filed;

4.      There was no evidence of a UCC financing statement amendment;

5.      His disciplinary proceedings are the result of collusion and conspiracy;

6.      His legal materials were confiscated in violation of PD-22, Rule 23;

7.      His rights under the Equal Protection Clause and First Amendment were violated;

8.      He was "Unlawfully held [as] 'surety' for trust."

**C.      Exhaustion of Administrative Remedies**

Respondent does not address whether Petitioner has exhausted his claims, because he

contends Petitioner's failure to raise a federal habeas corpus issue renders the issue of exhaustion

irrelevant.

**DISCUSSION AND ANALYSIS**

**A.      Exhaustion of Administrative Remedies**

A court may deny an application for a writ of habeas corpus on the merits, notwithstanding

the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2).  As explained

below, Petitioner's habeas claims are without merit and his remaining claims are not cognizable in a federal application for habeas corpus relief.

### B.    Due Process

Although Petitioner's application for habeas corpus relief is not clear, it appears most of Petitioner's claim relate to whether his due process rights were violated.  These claims are without merit, as explained below.

As a result of disciplinary case number 20140140368, Petitioner lost 45 days of recreation privileges and 45 days of commissary privileges, and received 45 days of cell restriction. Petitioner received the same punishment for disciplinary case number 20140144253.   However, these punishments do not trigger the Due Process Clause.  In Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns.  "They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."  Id.

In addition to the above-listed punishments, with regard to disciplinary case number 20140140368, Petitioner was reduced in line class from S3 to L1, and with regard to disciplinary case number 20140144253, Petitioner's line class was further reduced to L2.  Challenges to changes in time-earning class also do not present grounds for federal habeas corpus relief.  The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating.  Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

Petitioner also lost good time credits with regard to both disciplinary cases.  Challenges to

disciplinary proceedings do not generally raise a cognizable constitutional violation unless the

petitioner has lost good time credits and is eligible for mandatory supervision.  See Malchi, 211 F.3d

at 957-58; Madison, 104 F.3d at 768.  As explained by Respondent, Petitioner is not eligible for

mandatory supervision, because he was convicted of aggravated sexual assault.  Thus, the loss of

good time serves only to affect Petitioner's possible release on parole.  The Fifth Circuit has

expressly held that there is no constitutional right to release on parole in the State of Texas.  Creel

v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995).

Under these circumstances, the loss of good time credits does not affect a constitutionally protected

right, but only the "mere hope" of release on parole.  This hope is not protected by due process.  See

Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979).[1]

## C.      Retaliation

Petitioner also appears to assert the disciplinary actions were taken in retaliation for his filing

grievance number 2014075626 in which he threatened to file a  "tort claim."  Apparently, Petitioner

was upset at the removal of the Uniform Commercial Code from the prison law library.

To state a retaliation claim, Petitioner "must allege (1) a specific constitutional right, (2) the

defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory

adverse act, and (4) causation."  Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003).  The burden

placed on the inmate to demonstrate a valid retaliation claim is "significant," and "[m]ere

conclusionary allegations of retaliation" are insufficient.  Woods v. Smith, 60 F.3d 1161, 1166 (5th

---

[1]Petitioner seems to acknowledge the defects in his claims.  He indicates in his reply he is not directly challenging the punishment he received with regard to his disciplinary cases.  However, he concludes his reply with a request to the Court to overturn his disciplinary cases.

Cir. 1995). To meet his burden, Petitioner must "produce direct evidence of motivation," or he must

"allege a chronology of events from which retaliation may plausibly be inferred." Id. Retaliation

may be inferred from the exercise of the protected right to complain followed by an adverse act. Id.

at 1164; Gibbs v. King, 779 F.2d 1040, 1042 (5th Cir. 1986).

Petitioner's retaliation claim fails, because Plaintiff has not adequately shown that a

retaliatory motive was the but-for cause of the disciplinary charges. See Woods, 60 F.3d at1166

("To state a claim of retaliation an inmate must allege the violation of a specific constitutional right

and be prepared to establish that but for the retaliatory motive the complained of incident . . . would

not have occurred. This places a significant burden on the inmate"); Johnson v. Rodriguez, 110 F.3d

299, 313 n. 19 (5th Cir.1997) ("Unless the complained of action would not have taken place 'but for'

the retaliatory animus, then the retaliation claim has not been made out.").

### D.     Equal Protection

Petitioner also states he was subjected to a "violation to equal protection under the law."

Specifically, Petitioner asserts:

> Gaye Karriker & Warden were notified that SAMUEL BURLESON['s] name was
> copyrighted and yet usurped the use of it any way to act against BURLESON to
> attempt an estoppel of a tort claim, see exhibits/memorandum grievance
> #2014075626.   Offender has a right to peacefully legally research/voice a
> claim/injury that needs to be fixed. Yet the clear retaliation illegal theft of property
> (no permission/contract), the removal of line class & custody, along with restriction
> further of movement and cell restriction (retaliation) violated Equal Protection
> Clause. No law can show any illegal activity on offender's behalf to warrant said
> actions against him.  All are equal under the law and all have an unalienable right to
> "due process" which was denied to OFFENDER BURLESON.

Petitioner's vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim.  Pedraza v. Meyer, 919 F.2d 317, 318 n. 1 (5th Cir. 1990).

### E.    Access to Courts

Petitioner may also be attempting to assert he was denied access to courts when he was disciplined for possessing the completed UCC Financing Statements.  The precise constitutional right involved in the constitutional guarantee of access to the courts is the right of adequate, effective and meaningful access to the courts, Bounds v. Smith, 430 U.S. 817, 828 (1977); however, this right is not unlimited, but encompasses only a prisoner's reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction(s) or his conditions of confinement, Johnson v. Rodriguez, 110 F.3d 299, 310–311 (5th Cir. 1997) (citing Lewis v. Casey, 518 U.S. 343 (1996)). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis v. Casey, 518 U.S. 343 (1996). Petitioner has failed to identify any nonfrivolous legal claims he was prevented from filing. Accordingly, his claim is without merit.

### F.    Remaining Claims

Petitioner claims his legal materials were confiscated in violation of PD-22, Rule 23.  He further claims he was "Unlawfully held [as] 'Surety' for Trust:  SAMUEL BURLESON #1398100 Arkansas Secretary of State Public Record file name:   Samuel - J. : Burleson UCC #40000079306089 will show proof of claim the corpus held as surety/beneficiary of trust for present judgments is mistakenly held as copus [sic] is held harmless & Indemnified and is the trustee of Trust Samuel Jedediah Burleson."  Additionally, in his request for relief, Petitioner requests the

return of "all illegally confiscated legal material."  He further seeks an injunction enjoining Gaye

Karriker and Patrick Cooper from retaliating and harassing him.  Petitioner also seeks "compensation

for injury to violation to Common Law Copyright Notice - sum certain $5,000.00 dollars (USD) Five

Thousand Dollars, per each officer involved in this matter and $5,000.00 from T.D.C.J.-ID."

Petitioner also requests the "release of unlawfully held surety" and "STATE/FEDERAL - Including

Reprimand/Displinary [sic] for all involved officers and notation in their files."  In addition,

Petitioner requests criminal charges be filed against Gaye Karriker and Patrick Cooper for aggravated

perjury and against Gaye Karriker for mail fraud.  He claims "violation of Due Process and Theft of

Legal Materials valued at $2,500.00 (USD) (Time, cost, preparation, etc.)."  Petitioner indicates

charges include "Retaliation, Hazing, cruel/excessive punishment, and/or ultra vire acts in the

perpetration of fraud.  Threats/Coercion and/or kidpnapping via Memorandum attachment Hold

Harmless & Indemnity Agreement . . . Justice. Obstruction of Justice, Obstruction of legal process,

collusion & conspiracy.  As All are equal."

Leaving aside the incoherence of these complaints, they are not properly raised in this type

of action.  The writ of habeas corpus is the federal remedy for a state prisoner challenging the fact

or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Petitioner's

remaining claims are not cognizable in a federal habeas corpus action.  If Petitioner is attempting to

raise civil rights claims he may do so in a civil rights complaint filed in a court with proper venue

and after he has complied with the filing fee provisions of the Prison Litigation Reform Act.

### RECOMMENDATION

It is recommended that Petitioner's Application for Writ of Habeas Corpus and Motion for

Declaratory Relief be denied.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of September, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE